FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 08, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSICA LYNN V.,<br><br>                  Plaintiff,<br><br>   v.<br><br>MARTIN O'MALLEY,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br>                  Defendant. | No: 1:22-cv-03103-LRS<br><br>ORDER REVERSING AND<br>REMANDING THE<br>COMMISSIONER'S DECISION FOR<br>AN IMMEDIATE AWARD OF<br>BENEFITS |

BEFORE THE COURT are the parties' briefs.  ECF Nos. 8, 12.[2]  This matter

was submitted for consideration without oral argument.  Plaintiff is represented by

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20,

2023.  Pursuant to Rule 25(d) of the Rules of Civil Procedure, Martin O'Malley is

substituted for Kilolo Kijakazi as the Defendant in this suit.

[2] Defendant's opening brief is labeled a Motion for Summary Judgment.  ECF No.

12.  The supplemental rules for Social Security actions under 42 U.S.C. § 405(g)

ORDER - 1

attorney D. James Tree.  Defendant is represented by Special Assistant United States

Attorney Frederick Fripps.  The Court, having reviewed the administrative record

and the parties' briefing, is fully informed.  For the reasons discussed below,

Plaintiff's brief, ECF No. 8, is granted and Defendant's brief, ECF No. 12, is denied.

## JURISDICTION

Plaintiff Jessica Lynn V. [3] (Plaintiff), filed for disability insurance benefits

(DIB) on May 28, 2015, alleging an onset date of February 3, 2015.  Tr. 280-86.

Benefits were denied initially, Tr. 98-104, and upon reconsideration, Tr. 106-13.

Plaintiff appeared at a hearing before an administrative law judge (ALJ) on May 18,

2017.  Tr. 34-62.  On February 28, 2018, the ALJ issued an unfavorable decision, Tr.

114-34.  The Appeals Council vacated the decision and remanded the case for

further review.  Tr. 136.

A second hearing was held on June 2, 2020, Tr. 63-96, and on June 15, 2020,

the ALJ issued another unfavorable decision.  Tr. 12-30.  The Appeals Council

denied review, Tr. 1-6, and Plaintiff appealed to the U.S. District Court for the

Eastern District of Washington.  Tr. 974-78.  On July 28, 2021, pursuant to the

stipulation of the parties, the undersigned remanded the matter for further

---

went into effect on December 1, 2022; Rule 5 and Rule 6 state the actions are

presented as briefs rather than motions.  Fed. R. Civ. P. Supp. Soc. Sec. R. 5, 6.

[3] The court identifies a plaintiff in a social security case only by the first name and

last initial in order to protect privacy.  *See* Local Civil Rule 5.2(c).

ORDER - 2

administrative proceedings.  Tr. 979-80.  After a third hearing on April 7, 2022, Tr. 920-48, the ALJ issued another unfavorable decision.  Tr. 893-14.  The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

The facts of the case are set forth in the administrative hearings and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was born in 1980 and was 35 years old at the time of her application. Tr. 65.  She completed two years of college.  Tr. 470.  She worked as a dental assistant and a patient coordinator.  Tr. 51, 73-74.  Plaintiff testified that she has depression and anxiety.  Tr. 40.  She tried medication but it gave her violent and suicidal thoughts which traumatized her.  Tr. 39-41, 928.  She has difficulty being around the public.  Tr. 45.  Her mental health fluctuates.  Tr. 934.  She has fibromyalgia and migraines.  Tr. 43, 54.  Plaintiff testified she has pain flare-ups where she cannot get out of bed at least four times a month for about three days.  Tr. 54.  She has aching pain throughout her whole body.  Tr. 928.  She has migraines about twice a week.  Tr. 55.  Plaintiff also has back problems, a sleep disorder, interstitial cystitis, irritable bowel syndrome, and fatigue.  Tr. 69, 75.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

ORDER - 4

1

## FIVE-STEP EVALUATION PROCESS

2   A claimant must satisfy two conditions to be considered "disabled" within the

3   meaning of the Social Security Act.  First, the claimant must be "unable to engage in

4   any substantial gainful activity by reason of any medically determinable physical or

5   mental impairment which can be expected to result in death or which has lasted or

6   can be expected to last for a continuous period of not less than twelve months."  42

7   U.S.C. §§ 423(d)(1)(A).  Second, the claimant's impairment must be "of such

8   severity that he is not only unable to do his previous work[,] but cannot, considering

9   his age, education, and work experience, engage in any other kind of substantial

10  gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(A).

11  The Commissioner has established a five-step sequential analysis to determine

12  whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-

13  (v).  At step one, the Commissioner considers the claimant's work activity.  20

14  C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial gainful

15  activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §

16  404.1520(b).

17  If the claimant is not engaged in substantial gainful activity, the analysis

18  proceeds to step two.  At this step, the Commissioner considers the severity of the

19  claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from

20  "any impairment or combination of impairments which significantly limits [his or

21  her] physical or mental ability to do basic work activities," the analysis proceeds to

ORDER - 5

step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

ORDER - 6

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of February 3, 2015, through her date last insured of June 30, 2017. Tr. 898. At step two, the ALJ found that through the date last insured, Plaintiff had the following severe impairments: fibromyalgia; degenerative disc disease, lumbar and cervical; migraines; sleep

apnea; interstitial cystitis; and obesity.  Tr. 898.  At step three, the ALJ found that

through the date last insured, Plaintiff did not have an impairment or combination of

impairments that met or medically equaled the severity of one of the listed

impairments.  Tr. 900.

The ALJ then found that through the date last insured, Plaintiff had the

residual functional capacity to perform light work with the following additional

limitations: "she can occasionally climb ladders, ropes, scaffolds, ramps, and stairs;

she can occasionally stoop, kneel, crouch, and crawl; and she can frequently handle

and reach overhead."  Tr. 901.

At step four, the ALJ found that through the date last insured, Plaintiff was

able to perform past relevant work.  Tr. 906.   Alternatively, after considering

Plaintiff's age, education, work experience, residual functional capacity, and the

testimony of a vocational expert, the ALJ found there were other jobs that existed in

significant numbers in the national economy that Plaintiff could have performed,

such as electronics worker, small products assembler II, and marker.  Tr. 906-07.

Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in

the Social Security Act, at any time from February 3, 2015, the alleged onset date,

through June 30, 2017, the date last insured.

ORDER - 8

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II of the Social Security Act.  ECF No. 8. Plaintiff raises the following issues for review:

1.  Whether the ALJ properly considered Plaintiff's symptom testimony;

2.   Whether the ALJ properly considered the medical opinion evidence; and

3.  Whether the ALJ properly evaluated Plaintiff's migraines.

ECF No. 8 at 2.

**DISCUSSION**

**A.  Symptom Testimony**

Plaintiff contends the ALJ failed to properly consider her symptom testimony. ECF No. 8 at 4-14.  An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment

an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. Social Security Ruling 16-3p, 2017 WL 5180304, at *9 (effective October 25, 2017)[4]; 20 C.F.R. § 4104.1529(c).  The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities." SSR 16-3p, at *2.

First, Defendant contends the ALJ found Plaintiff's activities were not compatible with disabling limitations.  ECF No. 12 at 5.  It is reasonable for an ALJ to consider a claimant's activities which undermine claims of totally disabling pain in evaluating symptom claims.  *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  However, the ALJ did not give this as a reason for discounting Plaintiff's symptom claims.  Tr. 902-06.  Defendant cites the ALJ's discussion of the "paragraph B" criteria for evaluating mental impairments,[5] wherein the ALJ noted

---

[4] The Ruling provides adjudicators will apply this ruling to decision on or after March 28, 2016, and that when a case is remanded by the federal court, the ruling is applied to the entire period at issue.

[5] In evaluating mental limitations, ALJ's must assess an individual's mental limitations and restrictions in categories identified in the "paragraph B" and "paragraph C" criteria of the adult mental disorders listings.  Social Security Ruling 96-8p, 1996 WL 374184, at *4 (effective July 2, 1996).  "The adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C"

ORDER - 11

1   Plaintiff reported being able to "sometimes" complete her own cooking, house and

2   yard work, and go outside alone.  Tr. 899.  However, the ALJ did not find any

3   inconsistency or otherwise address these activities in terms of Plaintiff's subjective

4   complaints.  The Court is constrained to review only those reasons asserted by the

5   ALJ.  *Sec. Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *Pinto v.*

6   *Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001).  This is not a clear and convincing

7   reason supported by substantial evidence.

8       Second, the ALJ found that the severity and frequency of Plaintiff's

9   allegations are not consistent with the treatment record during the period at issue.

10  Tr. 905.  Medical treatment received to relieve pain or other symptoms is a relevant

11  factor in evaluating pain testimony.  20 C.F.R. § 404.1529(c)(4)(iv)-(v).  The ALJ is

12  permitted to consider the claimant's lack of treatment in making a credibility

13  determination.  *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).  The only

14  example cited by the ALJ involved Plaintiff's bladder issues, but the ALJ cited only

15  records from May and June 2018, outside of the relevant period of February 3, 2015

16  to June 30, 2017.  Tr. 905 (citing Tr. 545, 808-09).  The May 2018 record states that

17  Plaintiff had last been seen two years prior (in 2016) for recurrence of urinary

18  frequency.  Tr. 545.  Presumably, the ALJ drew the conclusion that a two-year gap

19  in treatment suggests a lack of severity of symptoms.

20  criteria are not an RFC assessment but are used to rate the severity of mental

21  impairment(s) at steps 2 and 3 of the sequential evaluation process." *Id.*

1    However, the ALJ's consideration of the record is insufficient.  In July 2015,

2  Plaintiff's symptoms caused her treating provider to speculate that she may have

3  interstitial cystitis.  Tr. 419.  In July 2016, Plaintiff sought treatment for continued

4  pelvic pain, urinary issues, and related symptoms.  Tr. 492-93.  In December 2016,

5  she complained of chronic pelvic pain rated at 10/10, Tr. 488, and in January 2017,

6  she had pelvic pain all day but worse at night.  Tr. 467.  She complained of urinary

7  issues in April 2017, saw her urologist and treating provider for symptoms in May

8  and June 2017, and complained of urinary issues in November 2017.  Tr. 551, 555,

9  683, 686, 669.  Defendant does not address the ALJ's finding, and the record does

10  not reasonably reflect a lack of treatment during the relevant period.

11    Third, the ALJ found the frequency and severity of Plaintiffs symptoms are

12  out of proportion to the longitudinal observations and physical exam findings.  Tr.

13  903.  An ALJ may not discredit a claimant's pain testimony and deny benefits solely

14  because the degree of pain alleged is not supported by objective medical evidence.

15  *Rollins*, 261 F.3d at 857; *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991);

16  *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).  However, the medical evidence is

17  a relevant factor in determining the severity of a claimant's pain and its disabling

18  effects.  *Rollins*, 261 F.3d at 857.  Minimal objective evidence is a factor which may

19  be relied upon in discrediting a claimant's testimony, although it may not be the only

20  factor.  *See Burch*, 400 F.3d at 680.

21

1    As discussed above, the ALJ did not provide any other valid reason for

2    discounting Plaintiff's symptom statements.  Because a lack of supporting objective

3    evidence cannot be the only reason for rejecting a claimant's symptom claims, the

4    ALJ's reasoning is legally inadequate.

5        Furthermore, it is noted that the ALJ's consideration of the objective evidence

6    is insufficient.  The ALJ found that Plaintiff's "often-normal findings and

7    observations, which suggest that the claimant typically had normal heart and lungs;

8    normal neurological functioning with a normal [gait] and station; and normal

9    extremities, do not corroborate the severity or frequency of the claimant's

10   allegations."  Tr. 904.  The ALJ's consideration of normal heart and lungs, gait and

11   extremities ignores that fibromyalgia is a disease that eludes objective measurement.

12   *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004).  "[A] person with

13   fibromyalgia may have 'muscle strength, sensory functions, and reflexes [that] are

14   normal.'"  *Revels v. Berryhill*, 874 F.3d 648, 663 (9th Cir. 2017).  Normal objective

15   examination results can be "perfectly consistent with debilitating fibromyalgia."  *Id.*

16   at 666.  The records cited by the ALJ do not reasonably support the conclusion that

17   Plaintiff's symptoms are not as frequent, severe, or limiting as alleged.

18       Moreover, the ALJ must consider the longitudinal record regarding

19   fibromyalgia whenever possible because symptoms can wax and wane so that a

20   person may have "bad days and good days."  Social Security Ruling 12-2p, 2012

21   WL 3104869 (effective July 25, 2012).  For example, at a July 2016 office visit

ORDER - 14

noted by the ALJ as evidence that Plaintiff appeared alert, oriented, and in no acute distress, exam findings revealed tenderness in 11 of 16 fibromyalgia points and Plaintiff reported severe stabbing and throbbing pain which comes and goes.  Tr. 478.  The ALJ noted a January 2017 office visit where Plaintiff appeared alert and oriented and her mood and affect were normal, Tr. 468, 903, yet Plaintiff reported she was "doing well today as she is not in a flare today," but that she has a flare up every week.  Tr. 467.  The ALJ failed to adequately consider the waxing and waning effect of fibromyalgia.

Additionally, the ALJ found Plaintiff's "largely benign presentation does not corroborate the severity of her allegations."  Tr. 905.  The ALJ noted that while Plaintiff sometimes exhibited a tearful affect, providers often observed that she often presented as alert, oriented, and in no acute distress.  Tr. 904-05 (citing Tr. 421, 426, 467, 479, 508).  The ALJ implied these findings undermine allegations of chronic pain and fatigue, but it is not clear how the ALJ arrived at this conclusion.    District courts have questioned whether the generic chart note "no acute distress" undermines limitations due to chronic conditions.  *See Toni D. v. Saul*, No. 3:19-cv-820-SI, 2020 WL 1923161, at *6 (D. Or. April 21, 2020) *citing, Mitchell v. Saul*, No. 2:18-cv-01501-GMN-WGC, 2020 WL 1017907, at *7 (D. Nev. Feb. 13, 2020) ("Moreover, the court agrees with Plaintiff that notations that Plaintiff was healthy 'appearing' and in no 'acute' distress do not distract from the findings regarding Plaintiff's chronic conditions."); *Richard F. v. Comm'r of Soc. Sec.*, No. C19-5220

ORDER - 15

1   JCC, 2019 WL 6713375, at *7 (W.D. Wash. Dec. 10, 2019) ("Clinical findings of

2   'no acute distress' do not undermine Plaintiff's testimony. . . .  Plaintiff's

3   impairments are chronic, not acute.").  Similarly, it is not clear how Plaintiff's

4   presentation as "alert and oriented" undermines the degree of chronic pain and

5   fatigue alleged.  Without more, these findings are not substantial evidence

6   supporting the ALJ's conclusion.

7          The ALJ also found the severity and frequency of Plaintiff's symptoms "are

8   not corroborated by workup."  Tr. 905.  The only example cited by the ALJ is that

9   Plaintiff's cervical and lumbar workup "shows no more than moderate degenerative

10  changes in her cervical and lumbar spine."  Tr. 905 (citing Tr. 699, 722, 724-25).

11  Again, it is not apparent from imaging records which show "moderate bilateral

12  neural foraminal narrowing" at L4-L5 secondary to hypertrophic degenerative facet

13  arthrosis, Tr. 725, on what basis Plaintiff's allegations regarding the severity and

14  frequency of her back pain are inconsistent.  While the ALJ is not required to

15  perform a line-by-line analysis of the claimant's testimony, the ALJ is still required

16  to do more than offer "non-specific conclusions that [claimant's] testimony was

17  inconsistent with her medical treatment."  *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th

18  Cir. 2020).  The ALJ's decision must contain specific reasons for the weight given to

19  the claimant's symptoms and be consistent with and supported by the evidence,

20  which must be clearly articulated so the individual and any subsequent reviewer can

21  assess how the adjudicator evaluated the individual's symptoms.   Social Security

ORDER - 16

Ruling 16-3p, 2017 WL 5180304, at *10.  Based on the foregoing, the ALJ did not

provide specific, clear and convincing reason supported by substantial evidence for

the discrediting Plaintiff's symptom claims.

**B.    Medical Opinions**

Plaintiff argues the ALJ failed to properly evaluate the opinions of Norman

Staley, M.D., and Van Bremjit, M.D.  ECF No. 8 at 13-20.

There are three types of physicians: "(1) those who treat the claimant (treating

physicians); (2) those who examine but do not treat the claimant (examining

physicians); and (3) those who neither examine nor treat the claimant but who

review the claimant's file (nonexamining or reviewing physicians)."  *Holohan v.*

*Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted).  "Generally,

a treating physician's opinion carries more weight than an examining physician's,

and an examining physician's opinion carries more weight than a reviewing

physician's."  *Id*.  "In addition, the regulations give more weight to opinions that are

explained than to those that are not, and to the opinions of

specialists concerning matters relating to their specialty over that of

nonspecialists."  *Id*. (citations omitted).[6]

---

[6] For claims filed on or after March 27, 2017, the regulations changed the framework

for evaluation of medical opinion evidence.  *Revisions to Rules Regarding the*

*Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18,

2017); 20 C.F.R. § 404.1520c.

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).

The opinions of Dr. Staley and Dr. Bremjit are the only medical opinions in the record.    Dr. Staley, a state reviewing physician, reviewed the record in September 2015.  Tr. 106-13.  He assessed exertional limitations consistent with light work; postural limitations of occasional climbing ramps, stairs, ladders, ropes, or scaffolds, and occasional kneeling, crouching, and crawling; and manipulative limitations of frequenting handling and overhead reaching due to bilateral epicondylitis.  Tr. 110-11.

Dr. Bremjit, Plaintiff's treating physician since August 2014, completed a Medical Report form in April 2017.  Tr. 538-39.  He noted diagnoses of fibromyalgia, joint pain, and insomnia and opined that Plaintiff needs to lie down for four to six hours a day due to fatigue.  Tr. 538.  He assessed her prognosis as "fair,"

and opined that work on a regular and continuing basis would cause her condition to

deteriorate, and that she would miss four or more days of work per month due to her

impairments.  Tr. 539.  Dr. Bremjit commented that Plaintiff "couldn't work part

time either."  Tr. 539.

The ALJ gave more weight to the opinion of Dr. Staley and less weight to the

opinion of Dr. Bremjit.  Tr. 905.  The opinion of a non-examining physician may be

accepted as substantial evidence if it is supported by other evidence in the record and

is consistent with it.  *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Lester*,

81 F.3d at 830-31.  The ALJ acknowledged that Dr. Staley did not have the

opportunity to examine Plaintiff or review the record after September 2015, but

found that his opinion is "generally consistent with the longitudinal record,"

including normal neurological functioning with intact cranial nerves, a normal gait,

and normal extremities, Plaintiff's benign presentation, and workup showing no

more than moderate degenerative changes in her spine.  Tr. 905.

The ALJ acknowledged that Dr. Bremjit is a treating provider who examined

Plaintiff and was familiar with her treatment record but found that his opinion "as to

the severity and frequency of the claimant's limitations is out of proportion to the

longitudinal record."  Tr. 905.  The consistency of the medical opinion with the

record as a whole is a relevant factor in weighing the medical opinion evidence.

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d

625, 631 (9th Cir. 2007).  The ALJ cited evidence of normal neurological

functioning with intact cranial nerves, a normal gait, normal extremities, Plaintiff's benign presentation, and the workup showing no more than moderate degenerative changes in her spine.  Tr. 905.

The ALJ cited the same reasons and made the same analysis in crediting Dr. Staley's opinion and rejecting Dr. Bremjit's opinion as was made in rejecting Plaintiff's symptom statements.  As discussed *supra*, the ALJ's findings and analysis of the evidence regarding Plaintiff's symptoms statements is not supported by substantial evidence.  It follows that since the ALJ generally referenced the same reasoning, evidence, and findings in assessing the medical opinions, the ALJ's findings regarding the medical opinions are not supported by substantial evidence.

Furthermore, the ALJ did not address the limitations of the need to lie down or miss more than four or more days of work per month assessed by Dr. Bremjit. The ALJ's failure to either provide reasons supported by substantial evidence to reject them or to properly incorporate them into the assessed RFC constitutes error. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("an ALJ is not free to disregard properly supported limitations").

## C.    Migraines

Plaintiff contends the ALJ failed to properly consider her migraines.  ECF No. 8 at 18-19.  At step two, the ALJ found that Plaintiff's migraines are a medically determinable and severe impairment.  Tr. 898.  The regulations provide that if you have a medically determinable severe impairment, the impact of that impairment,

including pain, will be considered in evaluating your residual functional capacity.
20 C.F.R. § 404.1529; Social Security Ruling 19-4p, 2019 WL 4169635 (effective
August 26, 2019).[7]  However, despite concluding that migraines "significantly limit
the ability to perform basic work activities" at step two, Tr. 898, the ALJ did not
address, discuss, or consider any evidence of limitations due to migraines in
evaluating the RFC.  Tr. 903-05.  Defendant argues that "Plaintiff is unable to point
to much evidence to support her argument" and that no medical opinion establishes
limitations due to migraines.  ECF No. 12 at 9.  Plaintiff testified that migraines
impacted her ability to work in various ways, Tr. 52, 55, 90, and the ALJ's failure to
consider migraines in formulating the RFC is further error.

**D.    Remedy**

Plaintiff contends that the appropriate remedy is to remand for an award of
benefits.   ECF No. 8 at 19-21.  Defendant argues that a disability finding is
inappropriate, and the matter should be remanded for further administrative
proceedings.  ECF No. 12 at 10-11.  The Court has discretion to remand a case for
additional evidence or to simply award benefits.  *Sprague v. Bowen*, 812 F.2d 1226,
1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).
Generally, when the Court reverses an ALJ's decision, "the proper course, except in
rare circumstances, is to remand to the agency for additional investigation or

---

[7] The Ruling indicates that it applies to the entire period at issue for cases that have
been reversed and remanded by a federal court, as in this case.

ORDER - 21

explanation." *Benecke*, 379 F.3d at 595 (citations omitted). However, in a number
of Social Security cases, the Ninth Circuit has "stated or implied that it would be an
abuse of discretion for a district court not to remand for an award of benefits" when
three conditions are met. *Garrison*, 759 F.3d at 1020 (citations omitted).

Under the credit-as-true rule, where (1) the record has been fully developed
and further administrative proceedings would serve no useful purpose; (2) the ALJ
has failed to provide legally sufficient reasons for rejecting evidence, whether
claimant testimony or medical opinion; and (3) if the improperly discredited
evidence were credited as true, the ALJ would be required to find the claimant
disabled on remand, we remand for an award of benefits. *Revels*, 874 F.3d at 668.
Even where the three prongs have been satisfied, this Court will not remand for
immediate payment of benefits if "the record as a whole creates serious doubt that a
claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

The Court finds that in this case, the credit-as-true factors are satisfied and
that remand for the calculation and award of benefits is warranted. First, the record
has been fully developed. This matter has previously been remanded and there is
ample testimony from three hearing transcripts. It is unlikely that the record could
be further developed for the period at issue. The second prong is satisfied because,
as discussed *supra*, the ALJ did not properly consider the record, and thus
improperly rejected Plaintiff's testimony regarding her physical limitations and
improperly weighed the medical opinions. The third prong of the credit-as-true rule

1    is satisfied because the vocational expert was asked a hypothetical question about

2    the ability of an individual with limitations described by Dr. Bremjit and the

3    vocational expert testified that those limitations would be incompatible with

4    competitive work.  Tr. 945-46.

5        The credit-as-true rule is a "prophylactic measure" designed to motivate the

6    Commissioner to ensure that the record will be carefully assessed and to justify

7    "equitable concerns" about the length of time which has elapsed since a claimant has

8    filed their application.  *Treichler v. Comm'r of Soc. Sec. Admin*, 775 F.3d 1090,

9    1100 (9th Cir. 2014) (internal citations omitted).  Plaintiff's application has been

10   pending for nearly nine years and there have been two ALJ decisions, a remand by

11   the Appeals Council, and a previous remand by this Court pursuant to stipulation of

12   the parties.  Further proceedings would appear to serve no useful purpose.  *See Hill*,

13   698 F.3d at 1162 (noting a Court may exercise its discretion to remand a case for an

14   award of benefits "where no useful purpose would be served by further

15   administrative proceedings and the record has been thoroughly developed.")

16   (internal citations and quotations omitted).  In this case, the record does not raise

17   "serious doubt" that Plaintiff's impairments precluded significant work activity

18   during the period at issue.

19       Therefore, after weighing the applicable factors, the Court finds the

20   appropriate remedy is to reverse the Commissioner's decision and remand for an

21   immediate award of benefits.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.  The Court hereby reverses the Commissioner's decision and remands this case for calculation and immediate award of benefits.

Accordingly,

1. Plaintiff's Brief, **ECF No. 8**, is **GRANTED**.

2. Defendant's Brief, **ECF No. 12**, is **DENIED**.

3. This case is **REVERSED** and **REMANDED** for immediate calculation and award of benefits consistent with the findings of this Court.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for the Plaintiff and the file shall be **CLOSED**.

**DATED** April 8, 2024.

_____

LONNY R. SUKO
Senior United States District Judge

ORDER - 24